UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>JOHN BRALENS,<br><br>                Defendant. | CASE NO. CR22-084-JHC<br><br>PRELIMINARY ORDER OF FORFEITURE |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture ("Motion"), Dkt. # 30, seeking to forfeit, to the United States, Defendant John Bralens' interest in the following property:

    a.    One Hewlett-Packard Pavilion desktop computer, serial number 3CR8230YLL, which contained a Toshiba 2TB hard drive seized from John Bralens in or about August 2019; and

    b.    One Fantom Drive (external hard drive), serial number SJ0385412, seized from John Bralens in or about August 2019.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 2253(a) as property the Defendant used to commit or facilitate his commission of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2); and,

- Pursuant to the Plea Agreement he entered on April 5, 2023, Defendant agreed to forfeit this property pursuant 18 U.S.C. § 2253(a). Dkt. No. 26, ¶ 12.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 18 U.S.C. § 2253(a) and his Plea Agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Homeland Security Investigations ("HSI"), and/or its authorized agents or representatives, shall maintain the property in its custody and control until further order of this Court. HSI shall destroy any prohibited images unless they have been destroyed already or will be retained for official, investigative use, as permitted by 21 U.S.C §§ 853(i) and 881(e);

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website –

currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.   shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.   shall be signed by the petitioner under penalty of perjury; and,

    c.   shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of

Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated this 12th day of May, 2023.

*John H. Chun*
John H. Chun
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 4